Being unable to concur in the majority opinion, I must respectfully dissent.
The trial court made correct rulings at trial in granting appellant's motions for a directed verdict but erred by backing away from such correct conclusions of law in sustaining appellees' motion for a new trial with respect to claims for conversion, breach of fiduciary duty, and disregard of the corporate veil.
There is evidence that funds of RIS were used improperly but not for the benefit of appellant. Appellant became an officer, director, and shareholder of The Capital Group, Inc. on January 1, 1987 and president of RIS about the same time, but, beginning in 1988 until his resignation in March 1990, he gradually reduced his participation in RIS management. *Page 406 
As the majority point out, a corporate officer or employee is liable for torts he personally commits during performance of his employment duties. See Shaffer v. Frontrunner, Inc. (1990),57 Ohio App.3d 18, 566 N.E.2d 193. However, this does not render appellant liable for all torts committed by RIS acting through other agents while he was president. This seems to be the holding of the majority with respect to the conversion claim. However, there is no evidence that appellant personally participated in conversion of corporate assets. To the extent, if any, that appellant mismanaged RIS, appellees have no standing to maintain an action against him. Rather, such an action must be brought by RIS or possibly by a stockholder's action.
The fiduciary claim against appellant is negated by the agreement between the parties. RIS was administrator of appellees' health and life insurance program and marketed the program to franchises and collected premiums, plus administration and commission fees. From monies received by it, RIS was entitled to retain that portion to which it was entitled for commissions and fees and was obligated to pay the balance to appellees. Appellees contend that the monies collected were their property, which is negated by the admission that RIS was entitled to keep a portion of such monies. There can be no doubt but that RIS was obligated to pay appellees the amount to which they were entitled and had no right to expend the premiums collected otherwise than to pay itself and to pay appellees their respective shares. This does not, however, translate into a fiduciary relationship between appellees and appellant, even if RIS had a fiduciary duty to appellees.
As to the contract claim, there is no contract between appellant and appellees. The majority finds appellant can be liable for the contract obligations of RIS by "piercing the corporate veil." The two leading cases on the issue areBelvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos.,Inc. (1993), 67 Ohio St.3d 274, 617 N.E.2d 1075, and North v.Higbee Co. (1936), 131 Ohio St. 507, 6 O.O. 166, 3 N.E.2d 391.
The initial requirement for piercing the corporate veil is that the person sought to be charged has exercised such complete dominion and control over the corporation that it had no separate mind, will, or existence of its own. There simply is no evidence from which reasonable minds could conclude either that appellant exercised complete dominion and control owner RIS or that RIS had no separate existence from appellant. Rather, there is no evidence to suggest that appellant's dominion and control over RIS (to the extent, if any, it existed), differed in kind or degree from that ordinarily exercised by the president of a corporation. The majority finds such dominion and control to exist because of "the closely held nature of RIS, its parent corporation, and sister corporations," but that "the closely held nature of the corporation is [not] conclusive" evidence *Page 407 
of complete dominion and control and that "fraud in a closely held corporation is not, standing alone, a basis to pierce the corporate veil."
That, however, is all that is present here. The majority finds it sufficient for reasonable minds to conclude the corporate veil should be pierced not just to the parent corporation, The Capital Group, Inc. (which is not a party), but to appellant presumably because he was president of RIS. That is not a sufficient basis under any test to permit the corporate veil to be pierced.
The assignments of error should be sustained, and the order granting the new trial should be reversed.